**STEGALL v. STATE et al.**

No. 8969.

Court of Civil Appeals of Texas. Austin.

Oct. 30, 1940.

Fowler & Fowler, Roy P. Ward, and Joe H. Munster, Jr., all of Austin, for appellant.

Gerald C. Mann, Atty. Gen., and Tom D. Rowell, Jr., Asst. Atty. Gen., for appellees.

McCLENDON, Chief Justice.

Appeal by Stegall from a judgment in a receivership proceeding denying his claim for the reasonable rental value of four steel oil tanks in which was stored hot oil which was in custody of the receiver under his order of appointment. The proceeding was brought by the State prior to July 1, 1937, under Vernon's Ann.Civ.St. Art. 6066a, to confiscate the oil on the ground that it had been produced in violation of the conservation laws. Stegall and others were made

parties defendant and the receiver was appointed July 1, 1937. The oil was described as being in the four tanks in question and the order directed the receiver to take possession of it, preserve it pending litigation, and "seal off" the tanks "to prevent molestation." March 24, 1939, Stegall filed his answer and disclaimer, in which he represented "to the court that he has an interest in the steel tank in which the oil * * * is stored, but here now disclaims any ownership to said oil." He prayed judgment for his costs and that he "go hence without day." The same day judgment was rendered confiscating the oil, ordering it sold, and directing that the proceeds be applied to the payment of costs of the suit, "including the expenses incident to the guarding and sale of such oil * * * and the receivership expenses incurred herein," and the balance deposited in the State Treasury to the account of the General Revenue Fund. June 6, 1939, Stegall filed application for an order requiring the receiver to show cause why his claim for rental on the tanks should not be allowed and taxed as costs, and the tanks immediately turned over to him. His claim covered the period July 1, 1937, to March 24, 1939, and he prayed for a further allowance from the latter date until the tanks should be delivered to him. The receiver answered the application by general demurrer and general denial. July 8, 1939, the application was heard and judgment rendered denying it.

We have reached the conclusion that the trial court's judgment should be affirmed on two grounds:

1. There was no evidence that Stegall owned the tanks or was entitled to any rentals that might be due for their use by the receiver.

2. No predicate was laid for any claim for rentals prior to the date of the application.

Upon the first ground it is only necessary to state that the only intimation of ownership of the tanks in Stegall shown by the entire record is the allegation in his answer and disclaimer to the effect that he had "an interest in the tank in which the oil" was stored; and the allegation of ownership in his unverified application of June 6, 1939. The evidence on the hearing was confined solely to the issue of reasonable rental value of the tanks.

It is elementary that one asserting a claim for the rental value of property must show, at least prima facie, that he is entitled to demand and receive the rentals either as owner or otherwise.

As to the second ground: The record is wholly silent as to the arrangement under which the oil was in storage at the time the receiver was appointed; whether under a rental contract or otherwise; whether Stegall owned or had an interest in the oil at the time it was originally stored, and thereafter parted with his interest, and continued to hold the oil in storage under some agreement with the owners; whether he was particeps criminis to the oil's illegality or merely the innocent custodian or bailee of the oil or the innocent landlord of its owner.

We assume, arguendo, the correctness of Stegall's contention that Art. 6066a does not render contraband the property or its use in which hot oil is stored. We also assume the right of an innocent owner of the tanks to demand possession or reasonable compensation for the value of their use. It may even be assumed, for our present purposes, that if Stegall was particeps criminis to the illegal production, transportation or storage of the oil, he would have had the right, if the tanks were his, to demand that he be repossessed of them after the receiver had been given a reasonable time in which to make other storage arrangements.

If stored under rental agreement, the receiver would have the right to adopt or repudiate that agreement.

It may be true, as Stegall contends, that the receiver did not have the right to move the oil to other storage. But certainly the court had the power to authorize its removal, whether or not the order of the receiver's appointment granted that authority by necessary implication.

But whatever the circumstances, we think it clear that some demand should have been made upon the receiver or application made to the court before the right to rentals would arise.

Stegall was a party defendant to the suit. He could not sit silently by for a period of nearly two years, and then for the first time demand rentals for that period.

The trial court's judgment is affirmed upon each of the above grounds.

Affirmed.